SAVOY, Judge.
This is an action in tort by plaintiff ro recover from Dr. J. E. Hearn and his liability insurer a money judgment resulting from damages to a hay rake owned by him, which damages resulted from a collision which occurred between an automobile owned by Dr. Hearn and being driven by his wife at the time of the accident and a hay rake owned by plaintiff.
Prior to the accident it had been raining, and a portion of the highway occupied by Mrs. Hearn was muddy due to work which had recently been done on said highway.
The highway in question where the accident occurred is a secondary blacktopped road in the Parish of Vernon, Louisiana, and is approximately eighteen feet in width. It runs in a north-south direction. Plaintiff was driving a truck with a hay rake attached to it in a southerly direction, and Mrs. Hearn was driving her car in a northerly direction. As she crested the hill, she encountered some soft mud resulting from work on said road, and as she attempted to reduce her speed and brake her vehicle, her car struck the hay rake and destroyed it.
In this Court counsel for defendants contends that the hay rake extended beyond the center line of the road, and this in fact caused the accident.
Counsel for plaintiff, on the other hand, contends that plaintiff was in his proper lane of travel, and that the cause of the accident was the negligence of Mrs. Hearn in not slowing her car as she went over the hill in view of the muddy condition of the road at the time of the accident.
After a trial on the merits, the trial judge, without assigning written reasons, decided in favor of defendants and dismissed plaintiff’s suit. This appeal followed.
The only witness who was of help to this Court was Trooper Wilber G. Gordy, who examined the accident shortly after its occurrence. He testified.from his experience and his examination of the physical facts shortly after the accident. He found skid marks approximately in the middle of the highway. He also testified that the headlights of the Hearn car were damaged on the left front, also the left front fender was damaged.
From this evidence, it is apparent that as Mrs. Hearn went over the hill, she encountered the muddy portion of the highway and maneuvered her car slightly to the left and struck the hay rake. If she had continued in a straight direction as testified and struck the hay rake, the damage to her car would have been on the left side.
We are reluctant to reverse the trial judge on the finding of fact, but in view of the physical facts testified to by Trooper Gordy, it is our opinion that the cause in fact of the accident was the sole negligence of Mrs. Hearn.
It was stipulated that the damages to the hay rake were $223.30.
For the written reasons assigned the judgment of the district court is reversed, and judgment is hereby rendered in favor of plaintiff, Albert Kapotsy, Sr., and against defendants, Dr. J. E. Hearn and Hartford Accident and Indemnity Company, in solido,, in the full sum of $223.30, together with legal interest at the rate of 5% per annum from judicial demand until paid, and for all costs in the lower court and in this Court.
Reversed and rendered.